UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DERRICK STANLEY,

                Plaintiff,

    -against-

THE CITY OF NEW YORK, HEMADEH FATTAH,
& JOHN DOES #1 through #4,

                Defendants.
-------------------------------------------------------------x

**COMPLAINT**

**JURY TRIAL DEMANDED**

CV 13 619

VITALIANO, J.

REYES, M.J

    Plaintiff, DERRICK STANLEY, by and through his attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, ESQ., PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

    1.    This is a civil rights action in which the plaintiff seeks relief for the defendant's violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this court deems just and equitable.

## JURISDICTION AND VENUE

    2.    Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

    3.    The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all

1

parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

6. Plaintiff DERRICK STANLEY is 29 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Kings.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants HEMADEH FATTAH ("FATTAH") and JOHN DOES #1 through #4 ("DOES") are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Defendants FATTAH and DOES are and were at all times relevant herein acting

under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants FATTAH and DOES are sued individually.

## STATEMENT OF FACTS

10. On or about May 11, 2011 Plaintiff Derrick Stanley was arrested by Defendant's FATTAH and DOES while sitting in his residence at 297 Pulaski Street, Brooklyn, New York.

11. At the time of his arrest Plaintiff had been a tenant at 297 Pulaski Street for three months. He rented a room in this multi-resident dwelling and shared the common areas with several other tenants. At the time of his arrest he was sitting on the second floor of the dwelling in a common room playing video games.

12. Upon information and belief at the time of the incident a large group of unruly individuals had gathered outside of the residence resulting in a police response. Plaintiff avers that while sitting in the common area playing video games several police officers entered the residence with guns drawn, and without permission or probable cause. They rounded up the residents taking everyone's identification[1]. When FATTAH ran STANLEY's name and learned he was on parole he directed a fellow officer to "cuff him". At which point Plaintiff was placed under arrest.

---

[1] Mr. Stanley states that FATTAH took his wallet and never vouchered the same and that it was never returned to him.

13. Plaintiff submits that FATTAH and DOES then illegally searched the residence and found a handgun in a third floor room under a mattress. He further submits that FATTAH and DOES concocted a fictional version of events relating to the discovery of the handgun and FATTAH then relayed said fictional version to the Kings County District Attorney's Office. The district attorney, apparently uncomfortable with FATTAH's version of events, never presented the case to a grand jury and thereby consented to dismissal of all charges on November 10, 2011.

14. Mr. Stanley spent approximately four days in custody before posting $2,500.00 cash bail. It should be noted that Mr. Stanley is on parole and thus the bail set at arraignment for a case mandating a state prison sentence was peculiarly low. Upon information and belief the arraignment judge had issues with the case from the outset.

15. Defendant FATTAH has previously been sued in this Court on similar allegations relating to a narcotics arrest. *See Lane v. The City of New York* - 10 CV 5805. In *Lane* the Plaintiff alleged that FATTAH unlawfully searched him and lied about finding drugs on his person. A jury acquitted Lane of all charges and the City promptly settled the civil suit for $18,500.00 (Eighteen thousand five hundred dollars). Thus, Defendant City of New York is on notice as to FATTAH's propensity for misconduct.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of federal civil rights under the United States Constitution and 42 U.S.C §§ 1981 and 1983)

16. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

17. By their conduct and actions in arresting, imprisoning, and failing to intercede on behalf of Plaintiff and in failing to protect him from the unjustified and

unconstitutional treatment he received at the hands of other defendants, defendant's FATTAH and DOES, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

18. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SECOND CAUSE OF ACTION
(Liability of Defendant the City of
New York for Constitutional Violations)

19. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

20. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants FATTAH and DOES had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

21. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants FATTAH and DOES had de facto policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants, and paying out substantial sums of taxpayer dollars to cover up police

misconduct. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

22. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A THIRD CAUSE OF ACTION
(False arrest and false imprisonment)

23. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

24. By the actions described above, defendants FATTAH and DOES falsely arrested or caused to be falsely arrested plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his constitutional rights.

25. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, and was otherwise damaged and injured.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution)

26. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

27. By the actions described above, Defendants FATTAH and DOES maliciously prosecuted plaintiff. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his constitutional rights.

28. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Negligent hiring, screening, retention, supervision and training)

29. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

30. Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants FATTAH and DOES. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the constitution.

31. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorneys' fees;

    e. Such other further relief as this court may deem appropriate.

Dated: Brooklyn, New York
      January 31, 2013

                                Respectfully submitted,

                                **SCOTT G. CERBIN, ESQ., PLLC**
                                Counsel for the Plaintiff

                                By: Scott G. Cerbin (SC5508)
                                16 Court Street, Suite 2901
                                Brooklyn, NY 11241
                                (718) 596-1829